UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 22-cv-21517-BLOOM/Otazo-Reyes**

MD RESIDENTIAL I, LLC,
*et al.*,

    Plaintiffs,

v.

FIRST MERCURY INSURANCE COMPANY,
*et al.*,

    Defendants.
_____/

**ORDER REMANDING CASE**

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. Because the Court lacks subject matter jurisdiction in this case, it must be remanded to the state court.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citing *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799) and *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936)). "Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999); *see also Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (A "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time."). When performing this inquiry, "all doubts about jurisdiction should be resolved in favor of remand to

state court." *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1245 (11th Cir. 2004) (citing *Burns v Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)). "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could work a wrongful extension of federal jurisdiction and give courts power the Congress denied them." *Univ. of S. Ala.*, 168 F.3d at 410 (quoting *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000-01 (11th Cir. 1982)) (internal quotations omitted). Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id*.

Defendant Gemini Insurance Company ("Gemini") filed a Notice of Removal, ECF No. [1] ("Notice"), on May 17, 2022. The Notice is filed pursuant to 28 U.S.C. §§ 1441, 1446, seeking removal, pursuant to 28 U.S.C. § 1332, of an action filed in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida entitled *MD Residential I, LLC v. First Mercury Insurance Company*, Case No. 2021-018991-CA-01. Defendants First Mercury Insurance Company ("First Mercury") and United Specialty Insurance Company ("USIC") consented to removal. *See id.* at 7.

On August 22, 2022, Plaintiffs filed a Motion for Leave to Amend Complaint to Add Two Plaintiffs, to Drop Two Defendants, and to Add Two Policies at Issue, ECF No. [35] ("Motion for Leave"). In pertinent part, the Motion for Leave sought to add as plaintiffs, MD Parking I, LLC ("MDPI") and MD Parking II, LLC ("MDPII") (together, "MDP Plaintiffs"), to drop Gemini and First Mercury as defendants, and to assert claims for relief with respect to two additional insurance policies. *See id.*; ECF No. [35-1]. Defendants did not oppose Plaintiffs' Motion for Leave. Upon

review, the Court granted Plaintiffs' request, and directed Plaintiffs to separately re-file the Amended Complaint. *See* ECF No. [36].

"As a general matter, an amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." *Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) (quotations omitted)). Indeed, "when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 167 (2007).

In the Amended Complaint, Plaintiffs seek declaratory relief, but do not allege a specific basis for this Court's jurisdiction. The Amended Complaint asserts that "the amount in controversy exceeds $75,000.00, exclusive of interest, costs and attorneys' fees, within the jurisdictional limits of this Court." ECF No. [39] ¶ 4. As such, the Court assumes that Plaintiffs are relying on the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. With regard to diversity jurisdiction, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). With respect to the citizenships of the parties, the Amended Complaint alleges that "MDI, MDIII, MDIV, MDPI, and MDPII (the "Insureds") are Florida limited liability companies with their principal places of business located in Miami-Dade County, FL." ECF No. [39] ¶ 2. The Amended Complaint further alleges that "USIC is a foreign profit corporation with its principal place of business located in Texas." *Id.* ¶ 3. These allegations, however, are insufficient to properly allege the citizenships of the Insureds, such that the Court may conclude that there is complete diversity in this case. *See Riley v. Merrill Lynch,*

*Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1337 (11th Cir. 2002) (subject matter jurisdiction exists only where there is complete diversity; all plaintiffs must be diverse from all defendants), *abrogated on other grounds by Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71 (2006).

As the Eleventh Circuit has held on numerous occasions, "[f]or the purpose of determining diversity jurisdiction, a limited liability company is a citizen of any state of which a member of the company is a citizen." *Flintlock Constr. Servs. v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224 (11th Cir. 2013). Thus, to sufficiently allege the citizenship of a limited liability company ("LLC"), "a party must list the citizenships of all the members of the limited liability company." *Mallory & Evans Contrs. & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011). If the party invoking the court's jurisdiction fails to adequately do so, as Plaintiffs have failed to do here, they cannot satisfy their burden of establishing diversity of citizenship. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). The Amended Complaint contains no allegations with respect to the members of any of the Insureds, including the newly added MDP Plaintiffs.[1] The Court thus lacks sufficient information to satisfy its jurisdictional inquiry.

As a result, the allegations in the Amended Complaint are insufficient to confer subject matter jurisdiction in this case.[2]

---

[1] The Court further points out that the allegations with respect to USIC also appear to be insufficient. A corporation is a citizen of the state in which it is incorporated and the state in which its principal place of business, or "nerve center," is located. *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010); *see also* 28 U.S.C. § 1332(c)(1). While the Amended Complaint alleges that USIC has its principal place of business in Texas, the only allegation with respect to what the Court must assume is its place of incorporation is that it is a "foreign" corporation. The Court is thus left to guess whether "foreign" means a state other than Florida, or perhaps a place outside of the United States.

[2] To the extent that the Court could construe the claims for declaratory judgment as arising pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, the exercise of jurisdiction nevertheless would not be

Case No. 22-cv-21517-BLOOM/Otazo-Reyes

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This case is **REMANDED** to the Eleventh Judicial Circuit Court in and for Miami-Dade County for further proceedings.

2. The Clerk is **DIRECTED TO CLOSE** this case.

3. Any pending motions are **DENIED AS MOOT**.

4. Any pending deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 23, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

---

warranted. *Jolibois v. Fla. Int'l Univ. Bd. of Trs.*, 654 F. App'x 461, 466 (11th Cir. 2016) ("The Declaratory Judgment Act is procedural in operation and does not confer independent jurisdiction upon this Court.").